Singh v. Holder

BIA
A076 728 530

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:
ROBERT D. SACK,
RICHARD C. WESLEY,
PETER W. HALL,
*Circuit Judges.*

_____

RANJIT SINGH,
*Petitioner,*

v.                                          12-272
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Thomas Fatouros,

1

Senior Litigation Counsel; Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ranjit Singh, a native and citizen of India, seeks review of a December 22, 2011, decision of the BIA denying his third motion to reopen. *In re Ranjit Singh*, No. A076 728 530 (B.I.A. Dec. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the BIA's denial of Singh's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Although Singh's motion was indisputably untimely because it was filed more than six years after the agency's final order of removal, there is no time limitation if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's conclusion that Singh failed to demonstrate materially changed conditions that would excuse the untimely filing, as the record evidence did not indicate a change in India's human rights practices but rather reflected a continuation of poor conditions that existed at the time of Singh's merits hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted

2

with the motion to those that existed at the time of the merits hearing below"); *see also See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.")(internal quotation marks omitted).

Nor did the BIA abuse its discretion in denying reopening due to Singh's failure to establish his *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (noting that in order to establish *prima facie* eligibility for relief in a motion to reopen, petitioner must show a "'realistic chance'" of obtaining relief by "demonstrating that the proffered new evidence would likely alter the result in her case.") (quoting *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005)). Given Singh's generalized assertions that he would be punished or killed by Indian police if removed to India, the BIA did not err in finding that his fear of future persecution was speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (per curiam); *Lecaj v. Holder*, 616 F.3d 111, 117 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3